UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDRA PROSPEROUS,

    Plaintiff,

v.                                                            Case No: 8:17-cv-1375-T-36AEP

KIMBERLY TODD, SHERWOOD
COLEMAN, JAMES PIERCE and JACK
HELLINGER,

    Defendants.
_____/

## **O R D E R**

This cause comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 22). Plaintiff did not file a response. The Court, having considered the motion and being fully advised in the premises, will grant Defendants' Motion to Dismiss.

### I.     BACKGROUND[1]

Plaintiff Alexandra Love Prosperous ("Plaintiff"), proceeding *pro se,* filed a form Complaint in this Court (Doc. 1) on June 12, 2017 against Defendants Kimberly Todd, Sherwood Coleman, James Pierce, and Jack Helinger,[2] individually and in their official capacities as Judges in the Sixth Judicial Circuit in and for Pinellas County, Florida ("Defendants"). The Complaint cites 42 U.S.C. § 1983 as the basis for the Court's jurisdiction, alleging violations of Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution. Doc. 1, p. 3.

---

[1] The Background is derived, in part, from the Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.,* 711 F.2d 989, 994 (11th Cir. 1983).
[2] Defendants state the correct spelling is Helinger. Doc. 22.

Plaintiff's allegations against Defendants stem from various Pinellas County Court (the "state court") proceedings involving Plaintiff's minor child's welfare and disputes between Plaintiff and the minor child's father regarding paternity, parental responsibility, and a domestic violence injunction. *See id.,* pp. 7-10; Doc. 22, pp. 3-6; Doc. 22-1; Doc. 23.[3]

In support of her claims here,[4] Plaintiff cites to certain judicial actions taken by each of the Defendants. Doc. 1, pp. 7-10. Plaintiff alleges that at certain proceedings, Judge Todd "continually refused to allow me to submit evidence or produce witnesses to counter the accusations made against me" and "continually allowed falsified reports and information to be admitted as part of the record and refused to allow me to address these issues." *Id.,* p. 7. Plaintiff also takes issue with Judge Coleman's alteration of a domestic violence injunction at a court proceeding on October 5, 2016. *Id.,* p. 8. Plaintiff alleges Judge Coleman refused to hear certain of Plaintiff's arguments and that the statements of a doctor should not have been considered. *Id.* Plaintiff's allegations against Judge Pierce stem from a March 15, 2017 hearing on an emergency motion. *Id.,* p. 9. Plaintiff alleges she provided Judge Pierce with graphic evidence of her son's abuse but that Judge Pierce "issued no ruling on my emergency motion." *Id.* Plaintiff's allegations concerning Judge Helinger stem from court appearances between August 2015 and September 2016. *Id.,* p. 10. Plaintiff alleges

---

[3] In their Motion to Dismiss, Defendants describe three state court cases involving Plaintiff: (1) *Colen v. Prosperous,* No. 15-005182-FD (the "paternity action"); (2) *In the Interest of J.P.,* No. 16-00587-DP-2; and (3) *Prosperous v. Colen,* No. 16-009770-FD (the "second injunction action"). Doc. 22, p. 3. A review of the state court docket in the paternity action indicates a final judgment was entered by the state court on December 18, 2017. The second case cited by Defendants does not appear in a search of the state court public record. According to the state court docket in the second injunction action and the order attached to Defendants' Motion to Dismiss, the second injunction action was dismissed on October 27, 2016. *See* Doc. 22-1. In their Notice of Pendency of Other Actions, Defendants list an additional state court case: (4) *Prosperous v. Colen,* No. 15-008579 (the "first injunction action"). Doc. 23. The last docket entry for the first injunction action shows an order of continuance dated September 18, 2015.

The Court takes judicial notice of the order attached to Defendants' Motion to Dismiss, as well as the state court documents in the public record that are "not subject to reasonable dispute." *Horne v. Potter,* 392 Fed. Appx. 800, 802 (11th Cir. 2010) (citing *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir. 1999)).

[4] Plaintiff asks the Court to "note this is in reference to case number 8:17-cv-00996-VMC-MAP". Doc. 1, p. 11. This is apparently the third lawsuit Plaintiff has filed in this District against various state agencies and people involved with the above-referenced state court proceedings. *See Prosperous v. Pinellas County Sheriff et al.,* Case No. 8:17-cv-00860 (dismissed); *Prosperous v. Todd et al.,* Case No. 8:17-cv-00996 (dismissed).

2

Judge Helinger told Plaintiff that if she did not cooperate, she "would be arrested for failure to submit to his court's jurisdiction." *Id.* Plaintiff further alleges Judge Helinger "refused evidence that would establish the necessity for a permanent order of protection to be in place" and "refused to hear testimony or [accept] evidence as part of a hearing." *Id.* Plaintiff also alleges Judge Helinger conducted a hearing "in contradiction to well-established procedures for this type of hearing within this jurisdiction." *Id.* As for relief, Plaintiff seeks "$50,000,000.00 Punitive Damages" and that the "Court recommend Criminal Charges." *Id.,* p. 5.

## II.  LEGAL STANDARD

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. U.S.,* 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.,* 846 F. Supp. 60, 61 (M.D. Fla. 1994).

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

A defendant may attack subject matter jurisdiction in two manners: facially and factually. *McMaster v. U.S.*, 177 F.3d 936, 940 (11th Cir. 1999). A facial attack requires the court to assess, assuming the allegations of the complaint to be true, if the complaint sufficiently alleges a basis for subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); Fed. R. Civ. P. 12(b)(1). In contrast, a factual attack challenges the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). If a court finds at any point in the litigation that it lacks subject matter jurisdiction over an action, it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

### III. DISCUSSION

Defendants argue Plaintiff's Complaint should be dismissed because (1) the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine; (2) Plaintiff fails to state a claim for which relief can be granted; (3) Defendants are immune from suit pursuant to Eleventh Amendment Immunity; (4) Defendants are immune from suit under judicial immunity; and (5) Defendants are immune from suit under the defense of qualified immunity. Doc. 22, p. 3. Because district courts are obligated to review subject matter jurisdiction whenever it may be lacking, *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004), the Court must first address Defendants' claim that the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman Doctrine*. Doc. 22, pp. 6-8. As explained in greater detail below, to the extent Plaintiff's claims are not barred by the *Rooker-Feldman* doctrine, they are due to be dismissed for failure to state a claim.

A. Rooker-Feldman *Doctrine*

The *Rooker-Feldman* doctrine[5] prevents lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe,* 558 F.3d 1266, 1268 (11th Cir. 2009). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005), the Supreme Court clarified the narrow scope of the doctrine, explaining that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Nicholson,* 558 F.3d at 1268 (quoting *Exxon Mobil Corp.,* 544 U.S. at 284).

Heeding the Supreme Court's "warning" in *Exxon Mobil Corp.* that the lower courts had extended *Rooker-Feldman* too far, the Eleventh Circuit joined other federal circuits in determining that *Rooker-Feldman* is confined "to instances where the state proceedings have ended." *Nicholson,* 558 F.3d at 1278-79. State court proceedings end for *Rooker-Feldman* purposes in three scenarios:

> (1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, (2) if the state action has reached a point where neither party seeks further action, and (3) if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated.

*Lozman v. City of Riviera Beach, Fla.,* 713 F.3d 1066, 1072 (11th Cir. 2013) (internal quotations omitted) (citing *Nicholson,* 558 F.3d at 1275). In addition, state court proceedings that end after the filing of a federal action do not "vanquish jurisdiction" from the federal court. *Nicholson,* 558 F.3d at 1279, n. 13.

The Eleventh Circuit has further clarified its prior holdings in light of *Exxon Mobile Corp.*:

> Consistent with the directions of the Supreme Court, we now apply *Rooker–Feldman* to bar only those claims asserted by parties who have lost in state court

---
[5] *Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1986).

and then ask the district court, ultimately, to review and reject a state court's judgments.

To determine which claims invite rejection of a state court decision, we continue to apply an inquiry similar to the one that preceded *Exxon Mobil*. We continue to consider whether a claim was either (1) one actually adjudicated by a state court or (2) one "inextricably intertwined" with a state court judgment. And we have continued to describe a claim as being "inextricably intertwined" if it asks to effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues.

. . .

Finding a claim to be barred by *Rooker-Feldman* requires that it amount to a direct attack on the underlying state court decision. A challenge can be contextually similar to an issue adjudicated in state court without activating *Rooker-Feldman*.

*Target Media Partners v. Specialty Mktg. Corp.,* 881 F.3d 1279, 1285-89 (11th Cir. 2018) (internal citations and quotations omitted).

The Eleventh Circuit has also counselled that the *Rooker-Feldman* doctrine "does not apply when a party seeks money damages for the state court's alleged constitutional deprivations." *Drees v. Ferguson,* 396 Fed. Appx. 656, 658 (11th Cir. 2010) (citing *Sibley v. Lando,* 437 F.3d 1067, 1070-71 (11th Cir. 2005)). *Accord Nivia v. Nation Star Mortg., LLC,* 620 Fed. Appx. 822, 825 (11th Cir. 2015) cert. denied sub nom. *Nivia v. Aurora Loan Servs., LLC,* 136 S. Ct. 909 (2016) ("The *Rooker–Feldman* inquiry is not whether a claim for damages is based to any degree on harm resulting from a valid state court judgment . . . . The inquiry is whether either the damages award would annul the effect of the state court judgment or the state court's adoption of the legal theory supporting the award would have produced a different result."); *Fortson v. Georgia,* 601 Fed. Appx. 772, 775 (11th Cir. 2015) (affirming dismissal under *Rooker-Feldman* of plaintiff's claim requesting district judge void state court judgments and affirming dismissal of remaining claims on the merits); *Kohler v. Garlets,* 578 Fed. Appx. 862, 864-65 (11th Cir. 2014) (determining district court erred in ruling that plaintiff's claim seeking monetary damages for litigation

misconduct was barred by the *Rooker-Feldman* doctrine because it did not necessarily seek appellate review and reversal of the state court judgment); *Caffey v. Alabama Supreme Court,* 469 Fed. Appx. 748, 750-51 (11th Cir. 2012) (affirming district court's dismissal of plaintiff's claims for declaratory and equitable relief against the Alabama Supreme Court, Alabama State Bar, and other defendants on *Rooker-Feldman* grounds and dismissing plaintiff's claims for monetary damages on Eleventh Amendment grounds).

Following this logic, courts in this District have held that claims for damages, as well as claims for other relief that do not invite review and rejection of state court judgments, are not barred by *Rooker-Feldman. E.g., Diagnostic Leasing, Inc. v. Associated Indemnity Corp.,* No: 8:16-cv-958-T-36TGW, 2017 WL 3669491, at *5 (M.D. Fla. Apr. 12, 2017) (holding *Rooker-Feldman* did not bar plaintiff's claim for damages because an award would not nullify the state court judgment because the action did not challenge the liability established in the state court judgment); *Pullins v. Hagins,* No. 3:14-cv-226-J-32PDB, 2015 WL 1456198, at *6-7 (M.D. Fla. Mar. 23, 2015) (holding the district court had subject matter jurisdiction over plaintiff's claims seeking damages for defendants' alleged unconstitutional behavior, a declaration that they had acted unconstitutionally, and an injunction prohibiting defendants from violating plaintiff's rights in the future because those claims did not invite review and rejection of the state court judgment itself).

Here, there are two reasons why *Rooker-Feldman* does not preclude the Court from considering all or some of Plaintiff's claims. *First,* it appears from the public record that at the time of the filing of this action, at least one of Plaintiff's state court cases had not ended but remained pending. Accordingly, *Rooker-Feldman* did not divest this Court of jurisdiction with respect to Plaintiff's claim(s) involving the state court case(s) that had not ended at the time

Plaintiff initiated this action. *Nicholson,* 558 F.3d at 1279. Nor would the Court have been stripped of jurisdiction when some or all of those state court cases ended subsequent to the initiation of this action. *Id.* at 1279, n. 13. *Second,* Plaintiff's Complaint requests monetary damages and "criminal charges," but not that the Court ultimately overrule the state court's decisions. Doc. 1, p. 5. Accordingly, *Rooker-Feldman* would not bar Plaintiff's claims to the extent she does not seek appellate review and reversal of the state court judgment. *Sibley,* 437 F.3d at 1070-71, n. 3 ("Sibley does not ask us to fix an erroneous state court judgment, which we could not do, but rather to award $10 million against each state court judge who participated in his cases. This alignment of parties distinguishes this case from a case where review under the *Rooker-Feldman* doctrine would be appropriate."). *Accord Kohler,* 578 Fed. Appx. at 864-65; *Pullins,* 2015 WL 1456198, at *6-7. However, to the extent one or more of the state court cases had ended before the initiation of this lawsuit and to the extent Plaintiff seeks review and reversal of those state court judgment(s), *Rooker-Feldman* bars Plaintiff's claim(s).[6]

B. *Plaintiff Fails to State a Claim and Defendants are Entitled to Judicial Immunity*

To the extent all or some of Plaintiff's claims are not barred by *Rooker-Feldman*, Plaintiff's Complaint is due to be dismissed because Plaintiff's allegations do not plausibly state a claim for relief.

*First,* Plaintiff's Complaint fails to state a claim because it does not meet the minimal pleading standards. Plaintiff's allegations expresses a vague, overall disagreement with certain actions taken by Defendants, but does not connect those actions with one or more legal causes of action. Doc. 1, pp. 3-10. It is unclear how Plaintiff's allegations, accepted as true, state a claim for

---

[6] It is difficult to determine from Plaintiff's Complaint which "counts" refer to which state court case(s) and which damages are sought for which claims. Doc. 1, pp. 5, 7-10. However, it is not necessary for the Court to make these determinations because any claims remaining within the Court's jurisdiction are due to be dismissed, as discussed *infra.*

relief under § 1983 that is plausible on its face. Plaintiff's allegations—for example, Defendants' refusals to allow certain evidence during various court proceedings—does not allow the Court to draw a reasonable inference of violations of Plaintiff's Fourth and Fourteenth Amendment rights. *Id.* pp. 7-10.

*Second,* Plaintiff's Complaint fails to state a claim as a matter of law because Defendants are entitled to absolute judicial immunity. *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (internal quotation omitted) ("A complaint is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim."). Under federal law, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Sibley,* 437 F.3d at 1070 (quoting *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Id.* (citing *Scott v. Hayes,* 719 F.2d 1562, 1565 (11th Cir. 1983)).

Plaintiff's allegations all stem from proceedings before Defendants and relate to the proceedings themselves. Doc. 1, pp. 7-10. All of Plaintiff's allegations describe judicial acts while Defendants were acting in their judicial capacities. Accordingly, because there was no clear absence of jurisdiction and because the judges were acting in their judicial capacity, Defendants are entitled to judicial immunity and Plaintiff's Complaint is due to be dismissed. *Sibley,* 437 F.3d

9

at 1070-71; *Macleod v. Bexley,* No. 3:16-cv-1058-J-34JRK, 2017 WL 741139, at *3 (M.D. Fla. Jan. 31, 2017).[7]

## IV. CONCLUSION

Plaintiff's Complaint is subject to dismissal based on the *Rooker-Feldman Doctrine* or Plaintiff's failure to state a claim, as the Defendants are entitled to absolute judicial immunity. Because no facts exist upon which Plaintiff could state a claim against these Defendants, leave to amend would be futile.

**Accordingly, it is ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 22) is **GRANTED.**

2. Plaintiff's Complaint (Doc. 1) is dismissed.

3. The Clerk is directed to terminate all pending deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on May 21, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

COPIES TO:
COUNSEL OF RECORD AND UNREPRESENTED PARTIES, IF ANY

---

[7] Accordingly, the Court does not reach the remaining two immunity arguments presented by Defendants. Doc. 22, pp. 10-11, 13-15.